SIMON ROSENBAUM *v.* HERMAN H. GUNTER.

A fraudulent representation, by the lessee of a house, as to the amount paid by him under his lease, will not avoid a contract made by him for hiring to a third person a part of the premises, at a specified rent, it being within the power of the latter to ascertain the value by a personal examination.

A party cannot avoid a contract on the ground that he was induced to enter into it by fraudulent representations, where, after discovering the fraud, he has continued for a length of time in the enjoyment of any benefit derived from such contract. (*a*)

Accordingly, a tenant, having continued in possession of the demised premises for months after learning the fraudulent character of statements whereby he was led to become a party to the lease, cannot obtain a rescission thereof by reason of the fraud.

(*a*) See *Fisher* v. *Conant, ante,* p. 199.

Rosenbaum *v.* Gunter.

Where a wife is designated by the husband as his agent for the management of his property during his absence, repairs made by a tenant under authority, granted by her and for which she promised to pay, are chargeable to the landlord.

In an action against a surety for the rent of the premises, moneys paid by the tenant for repairs which the landlord or his agent agreed to pay by deduction from the rent, are in effect payments on account of the rent, and as such may be allowed to the surety in reduction of the plaintiff's recovery.

THIS was an appeal, by a surety upon a landlord and tenant's agreement, from a judgment for rent, rendered against him in one of the lower courts. The facts, upon which the points now determined arose, appear in the opinion. (*a*)

*William Norton*, for the defendant.

*Richard M. Harrington*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The defendant upon the trial offered to prove that the lease upon which the action was founded was obtained by false representations, viz. that the plaintiff had hired the house for $1,000 per annum, when he in fact only paid $700 for it. This evidence was excluded in the court below and judgment ordered for the plaintiff.

Although the defendant was sued as surety, he was not in any event liable for anything beyond what was due from the tenant, and any defence of the tenant to the plaintiff's claim was available to the surety. Had the fact offered to be proven been material to the contract it should have been received; but I am of opinion that the representation offered in evidence was not sufficient to avoid the contract. It does not appear that the amount of rent was at all dependent on the amount which the plaintiff had to pay for the same premises, but a particular sum was agreed upon between the parties. Whether the plaintiff was bound to pay 700 or 1,000 dollars was immaterial to the

· (*a*) A judgment for the rent of a previous quarter was reviewed in an action between the same parties, reported in 2 E. D. Smith, 415.

Rosenbaum *v.* Gunter.

defendant, who agreed to give for his portion of the premises $500. Representations as to value, where the other party has an opportunity of examining, are never considered sufficient to avoid a contract.

Besides, the tenant continued in the occupation of the premises for nine months, paying the rent as it became due, and it is too late, after enjoying the benefit of the contract, for him or his surety to object on the ground of a fraudulent statement made before the contract to the principal.

A party to a contract cannot affirm in part and refuse to comply with the other part of it on this ground. He must abandon the contract after he discovers the fraud if he wishes to be relieved from its obligations.

The justice should have allowed the claim for gas. The plaintiff, before leaving, authorized his wife to act for him during his absence, and she told the tenant to use the gas, and promised to pay the bill therefor by deducting it from the rent. Besides, the lease itself gave to the tenant the privilege of gas. This cannot be confined to the mere use of fixtures. In the use of fixtures there is no privilege of gas, and it may well be supposed that the plaintiff, in letting the upper part of his house at an increased rent over what he paid, intended to furnish to the occupant gas, and especially as it had to pass through pipes which he also was using, and in the use of which, by either party, no distinction could be maintained. The same remarks apply to the bill for repairing the water closet. The work was done at the request of the plaintiff's wife, acting for her husband, and was properly chargeable to him.

As between the plaintiff and this defendant, these items are to be allowed, not by way of set off or counter claim, for they are not within the rules applicable thereto, but they are properly received to show that the amount owing by the tenant is not so large as the plaintiff claims. If the tenant has paid bills for the house which the plaintiff agreed to deduct from the rent, such bills when paid are in effect payments on account of the rent, which the surety can claim credit for when sued.

The bills paid by the tenant for repairs made by him, as

authorized by the plaintiff's wife, and for which she, as his agent, agreed to pay, should be deducted from the amount of the recovery, and the judgment be affirmed for the balance of the rent, with costs of the court below, without costs of appeal.

Ordered accordingly.